UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| ALENE BURKE, | ) | |
|---|---|---|
| | ) | |
| *Plaintiff*, | ) | Case No. 3:19-CV-229 |
| | ) | |
| v. | ) | Judge Curtis L. Collier |
| | ) | Magistrate Judge Guyton |
| KIA MOTORS AMERICA, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

## **M E M O R A N D U M**

Before the Court are two motions by Plaintiff, Alene Burke, and one motion by Defendant, Kia Motors America, Inc. Plaintiff moves to amend her complaint under Rule 15(a) of the Federal Rules of Civil Procedure to add a new party, Parkside Kia, as a defendant. (Doc. 25.) Plaintiff also moves to add Parkside Kia as a defendant under Rule 21 of the Federal Rules of Civil Procedure. (Doc. 26.) Defendant responded in opposition to both motions (Doc. 28), and Plaintiff replied (Doc. 29). Defendant moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Doc. 31.) Plaintiff has not responded, and the time to do so has expired. *See* E.D. Tenn. L.R. 7.1(a).

The motions are now ripe. For the reasons set out below, Plaintiff's motions to amend and add (Docs. 25, 26) will be **DENIED** and Defendant's motion for summary judgment (Doc. 31) will be **GRANTED**.

I. **BACKGROUND**

Plaintiff bought a used 2013 Kia Sorento (the "Sorento") no later than 2014.[1]

In March 2017, Defendant initiated a recall of some 2013 Kia Sorentos based on the possibility of premature bearing wear in gasoline direct injection engines, which could result in fires under the hood, among other problems. In October 2017, Plaintiff took her Sorento to Parkside Kia for inspection and service pursuant to the recall. In is unclear whether Parkside Kia did any work on the Sorento during this visit. In any case, Parkside Kia told Plaintiff, either then or later, that her Sorento did not have the problem that was the target of the recall. (Doc. 31-4 [Pl. Dep.] at 7–8.)

On June 17, 2018, a fire started under the hood of the Sorento as it was idling in a parking lot. Plaintiff was able to get herself and her husband, who had recently had a leg amputation, out of the vehicle safely. The only damage the fire caused was to the Sorento itself.

Plaintiff filed her lawsuit in this Court on June 29, 2019, alleging Defendant had engaged in deceptive practices in concealing the defect that caused the fire and had breached implied warranties to Plaintiff. (Doc. 1.)

An engineer employed by Defendant inspected the Sorento on September 5, 2019, and has opined that the fire was not caused by any issues related to the recall, but was an electrical fire at or near the starter. (Doc. 31-3.) At the time of the fire, there was a rebuilt aftermarket starter attached with improvised wiring and connectors. (*Id.*)

---

[1] The date of purchase, and more specifically whether there is a genuine issue of fact as to the date of purchase, is material to resolving Defendant's motion for summary judgment. The Court will discuss the evidence regarding the date of purchase below. *See infra* § III(B)(1).

On December 30, 2019, Plaintiff filed motions to amend her complaint and to add Parkside Kia as a defendant under Rules 15 and 21 of the Federal Rules of Civil Procedure, respectively. (Docs. 25, 26.) On January 7, 2020, Plaintiff filed her proposed amended complaint, which alleges that Parkside Kia's negligent inspection or negligent repair work caused the fire. (Doc. 27.) The proposed amended complaint names Defendant in the caption, but does not mention Defendant in the body of the document. (*Id.*) Defendant responded in opposition to Plaintiff's motions to amend and add on January 13, 2020. (Doc. 28.) Plaintiff replied on January 29, 2020. (Doc. 29.)

On March 4, 2020, Defendant filed a motion for summary judgment. (Doc. 31.) Plaintiff has not responded, and the time to do so has expired.

## II.   STANDARD OF REVIEW

### A.   Amendment of Pleadings

A party may amend his or her pleading as a matter of course once within twenty-one days either of serving the pleading or of the service of the opposing party's responsive filing. Fed. R. Civ. P. 15(a)(1). After that, the party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Under the Local Rules of this Court,

> A party who moves to amend a pleading shall attach a copy of the proposed amended pleading to the motion. Any amendment to a pleading . . . shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.

E.D. Tenn. L.R. 15.1.

3

### B. Joinder of Parties

A person must be joined as a defendant in an action if he or she is subject to service of process, if joinder will not deprive the court of subject matter jurisdiction, and if the court cannot grant complete relief among the existing parties in that person's absence. Fed. R. Civ. P. 19(a)(1).

A person may be joined as a defendant in an action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 21 provides a mechanism for applying the joinder provisions of Rule 20. *See, e.g.*, *Karmanos v. Baker*, 617 F. Supp. 809, 814 (E.D. Mich. Sept. 13, 1985) (following Rule 21 to effectuate requirements of Rule 20(a)). Under Rule 21, a court may add or drop a party at any time, on just terms, either on a party's motion or on its own initiative. Fed. R. Civ. P. 21. Whether to grant a motion to join a new party under Rule 21 is within the court's discretion. *Studebaker Corp. v. Algripco, Inc.*, 331 F. Supp. 375, 377–78 (N.D. Ohio 1970) (citing *Switzer Bros., Inc. v. Byrne*, 242 F.2d 909, 913 (6th Cir. 1957)) (motion to add parties is addressed to sound discretion of court).

### C. Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc*., 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc*., 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

### III.    DISCUSSION

Because "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013), courts generally deny pending motions directed to an initial complaint as moot after the complaint is amended, *see, e.g.*, *Lopez v. Metro. Gov't of Nashville*, No. 3:07-CV-0799, 2008 WL 913085, at *2 (M.D. Tenn. Apr. 1, 2008) (denying motion for summary judgment after amendment); *Ware v. C.R. Bard, Inc.*, No. 1:07-CV-172, 2007 WL 2463286, at *2 (E.D. Tenn. Aug. 28, 2007) (denying motion to dismiss original complaint as moot after amendment). The Court will therefore consider Plaintiff's motions to amend and add a party before considering Defendant's motion for summary judgment.

### A. Motions to Amend and Join Party

Plaintiff seeks the same relief—permission to file an amended complaint naming Parkside Kia as a defendant—through two motions: a motion to amend her complaint under Rule 15 (Doc. 25), and a motion to add a party under Rule 21 (Doc. 26).

Local Rule 15.1 requires a party who wishes to amend a pleading to "attach a copy of the proposed amended pleading to the motion," and to "reproduce the entire pleading as amended and . . . not incorporate any prior pleading by reference," unless by leave of Court. E.D. Tenn. L.R. 15.1. The same Rule explicitly warns that failure to comply may be grounds to deny the motion. *Id.* The Court has previously instructed the parties in this case on the importance of following the Local Rules in their filings. (Doc. 13 at 3.) The Court has also, separately, denied a previous motion to amend by Plaintiff based on her failure to attach a proposed amended complaint to the motion as required by Local Rule 15.1. (Doc. 17 at 1–2.)

Plaintiff's proposed amended complaint does not comply with Local Rule 15.1. It is not a copy of "the entire pleading as amended," ED. Tenn. L.R. 15.1, in that it lacks "a short and plain statement of the grounds for the court's jurisdiction," as required by Rule 8(a)(1). In this regard, it recites only that it is brought "pursuant to Rule 15 as well as Rule 21 of the Federal Rules of Civil Procedure," neither of which is a basis for subject matter jurisdiction. (*See* Doc. 27 ¶ 1.) While Rule 8(a)(1) excuses a plaintiff from this requirement where "the court already has jurisdiction and the claim needs no new jurisdictional support," that exception does not apply here, in a diversity action to which Plaintiff seeks to add a party. In fact, the proposed pleading does not contain any allegations from which the Court could determine the citizenship of the party Plaintiff wishes to join.

The proposed amended complaint also appears not to be a copy of "the entire pleading as amended," ED. Tenn. L.R. 15.1, in that it mentions Defendant in the document's caption, but not in its body. Any allegations and claims against Defendant, therefore, would have to be found in the original complaint.

Finally, the proposed amended complaint violates the requirement that an amended pleading cannot incorporate a prior pleading by reference. The proposed amended complaint refers to the original complaint regarding factual allegations twice in a single paragraph.[2] (Doc. 27 ¶ 2 ("As stated in the original Complaint . . . .").)

While leave to amend should be freely given under Rule 15(a)(2) where justice requires, justice does not require leave to amend here. Plaintiff has not argued the Court "cannot accord complete relief" between herself and Defendant in Parkside Kia's absence, even if the joinder of would not destroy diversity. *See* Fed. R. Civ. P. 19(a)(1). The Court further notes that its disposition of Plaintiff's motions leaves intact Plaintiff's ability to pursue a separate action against Parkside Kia for its alleged negligence in October 2017. *See* Tenn. Code Ann. § 28-3-105(1) (actions for injuries to personal property under Tennessee law must be started within three years of accrual).

Based on the failure of the proposed amended complaint to satisfy Rule (8)(a)(1), Plaintiff's violations of Local Rule 15.1, the Court's previous admonition to follow the Local Rules, and the Court's analysis of the interests of justice, the Court will **DENY** Plaintiff's motion

---

[2] Plaintiff did not attach a copy of her proposed amended complaint to her motion to amend. (Doc. 25.) However, she did file it a week later. (Doc. 27.) Because any prejudice to Defendant was cured by Plaintiff's later filing, and given the other problems the Court has discussed, the Court does not take this violation of the rule into account in its analysis.

7

Case 3:19-cv-00229-CLC-HBG   Document 35   Filed 04/17/20   Page 7 of 12   PageID #: 323

to amend (Doc. 25).  For the same reasons, the Court does not find it appropriate to exercise its discretion to allow joinder under Rule 21 and will also **DENY** Plaintiff's motion to add (Doc. 26).

### B. Summary Judgment

Defendant filed its motion for summary judgment on March 4, 2020.  (Doc. 31.)  Plaintiff's response was due on March 25, 2020.  *See* E.D. Tenn. L.R. 7.1(a) (answering brief to dispositive motion is due twenty-one days after opening brief).  Nearly three weeks have passed since the deadline expired, and Plaintiff has not responded to the motion for summary judgment.  The Local Rules of this Court provide that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought."  E.D. Tenn. L.R. 7.2.

Nevertheless, a court "cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998) (alteration in original) (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)).  Moreover, the Federal Rules of Civil Procedure "require that the party filing a motion for summary judgment 'always bears the burden of demonstrating the absence of a genuine issue as to a material fact.'"  *Stough*, 138 F.3d at 614 (quoting *Carver*, 946 F.2d at 454).  Therefore, the Court will proceed to consider whether Defendant has discharged its burden on summary judgment, notwithstanding Plaintiff's failure to respond.

Plaintiff's complaint contains four counts, but it does not specifically identify the legal sources of these four causes of action.  (Doc. 1 at 15–20.)  In the "Introduction" section of the complaint, Plaintiff describes her causes of action as being brought "under state consumer protection statutes" and for "breach of implied warranty."  (*Id.* ¶ 11.)  Count One alleges Defendant

8

engaged in certain "unfair and deceptive acts" and practices to conceal a defect in the Sorento's engine (*id.* ¶ 63); Count Two alleges Defendant engaged in "unfair competition and unfair, unlawful or fraudulent business practices" related to the engine defect (*id.* ¶ 70); Count Three alleges Defendant disseminated "statements that were untrue or misleading . . . to consumers" about the safety and reliability of the Sorento (*id.* ¶¶ 75, 76); and Count Four alleges Defendant made and breached implied warranties to Plaintiff of merchantability and fitness for a particular purpose of the Sorento (*id.* ¶¶ 81–85). Therefore, the Court concludes that Counts One, Two, and Three assert the consumer-protection-act claims to which Paragraph 11 refers and Count Four assert the implied-warranty claims to which Paragraph 11 refers.

### 1. Consumer-Protection Claims

The Complaint does not identify the consumer-protection statute under which Plaintiff asserts her consumer-protection-act claims. Because the Court's subject matter jurisdiction is based on diversity of citizenship (Doc. 17 at 2), the Court must apply the substantive law of the forum state, Tennessee, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Tennessee's consumer-protection statute is the Tennessee Consumer Protection Act of 1977 (the "TCPA"), Tenn. Code Ann. §§ 47-18-101 *et seq.* The Court will therefore consider Counts One, Two, and Three as having been brought under the TCPA.

Defendant argues it is entitled to judgment on all of Plaintiff's claims under the TCPA based on the statute of repose. The TCPA establishes a statute of repose of "five (5) years after the date of the consumer transaction giving rise to the claim for relief." Tenn. Code Ann. § 47-18-110; *see also Audio Visual Artistry v. Tanzer*, 403 S.W.3d 789, 810 (Tenn. Ct. App. 2012) (TCPA statute of repose is five years from date of transaction). Whether Plaintiff purchased the

9

Sorento more than five years before she filed her lawsuit on June 21, 2019, is, therefore, material to Defendant's motion.[3]

Plaintiff's complaint alleges a purchase date of 2014. (Doc. 1 ¶ 13.) A purchase date in the latter half of 2014 would make the transaction timely under the five-year statute of repose. Defendant, however, asserts it is undisputed that Plaintiff bought the Sorento on June 11, 2013, six years before filing her lawsuit. Defendant supports its assertion by submitting a certified copy of the official vehicle registration form from the Vehicle Services Division of the Tennessee Department of Revenue, which states Plaintiff bought the Sorento on June 11, 2013. (Doc. 31-1 at 2.) Defendant also submits a Carfax vehicle history report reflecting a purchase date of June 11, 2013, by the second of two owners, from Lenoir City Ford. (Doc. 31-2 at 3.) Finally, Defendant submits deposition testimony by Plaintiff that she bought the Sorento used from Lenoir City Ford, that she cannot recall the date of the purchase, and she thinks she might have had the Sorento for three years before the 2018 fire. (Doc. 31-4 at 3.)

Defendant has discharged its initial burden to demonstrate the absence of a genuine issue as to a June 11, 2013, date of purchase. *See Stough*, 138 F.3d at 614 (describing burden when there is no response to motion for summary judgment). Defendant has supported its assertion with citations to "particular parts of materials in the record," specifically "depositions[] [and] documents," showing a June 11, 2013, date of purchase. *See* Fed. R. Civ. P. 56(c)(1)(A). The contrary allegation of a 2014 purchase in Plaintiff's complaint does not create a genuine issue of fact on this question. *See Chao*, 285 F.3d at 424 (non-moving party must go beyond the pleadings

---

[3] Defendant also makes and supports allegations regarding the purchase date of the Sorento by its first consumer-owners. Defendant does not, however, argue that the Court should use that date as the date of the "consumer transaction" for purposes of the statute of repose.

10

to show a genuine issue for trial). Nor can Plaintiff's speculation during her deposition that she might have had the Sorento for three years before the June 2018 fire create a genuine issue of fact. Plaintiff testified that she did not know the purchase date, and her further speculation does not create an issue for trial. *See K.V.G. Props., Inc. v. Westfield Ins. Co.*, 900 F.3d 818, 823 (6th Cir. 2018) ("[I]t is well-established in our case law that a party may not avoid summary judgment by resorting to 'speculation, conjecture, or fantasy.'") (quoting *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

Plaintiff bought the Sorento on June 11, 2013. She filed her lawsuit on June 21, 2019, just over six years later. (Doc. 1.) The TCPA establishes a five-year statute of repose. Tenn. Code Ann. § 47-18-110. Defendant is therefore entitled to judgment as a matter of law on Plaintiff's causes of action under the TCPA. The Court will **GRANT** Defendant's motion for summary judgment as to Counts One, Two, and Three.

### 2. Implied-Warranty Claims

Defendant argues that Plaintiff's claims for the breach of the implied warranties of merchantability and fitness for a particular purpose in Count Four are barred by the statute of limitations.

Tennessee's enactment of the Uniform Commercial Code establishes a four-year statute of limitations for actions for the breach of a contract for a sale of goods. Tenn. Code Ann. § 47-2-275(1). This statute of limitations applies to actions for the breach of the implied warranties of merchantability and fitness for a particular purpose. *Layman v. Keller Ladders, Inc.*, 455 S.W.2d 594, 596 (Tenn. 1970).

As discussed above, there is no genuine factual dispute that Plaintiff bought the Sorento on June 11, 2013. She filed her lawsuit on June 21, 2019, just over six years later. (Doc. 1.) Plaintiff's

11

causes of action for breach of the implied warranties of merchantability and fitness for a particular purpose are therefore barred by the four-year statute of limitations. The Court will **GRANT** Defendant's motion for summary judgment as to Count Four.

## IV. <u>CONCLUSION</u>

Plaintiff's motions to amend and add a party (Docs. 25, 26) will be **DENIED** based on the failure of the proposed amended complaint to satisfy Rule (8)(a)(1), Plaintiff's violations of Local Rule 15.1, the Court's previous admonition to follow the Local Rules, and the Court's analysis of the interests of justice under Rule 15(a)(2) and the Court's discretion under Rule 21. Defendant's motion for summary judgment (Doc. 31) will be **GRANTED** based on the applicable statutes of repose and limitations.

**An appropriate order will enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**